**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ALBERTO LUCIANO GONZALEZ TORRES, | CASE NO. 17cv1840 JM(NLS) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO MODIFY PRELIMINARY INJUNCTION |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CUSTOMS AND BORDER PROTECTION, | |
| Defendants. | |

Plaintiff Alberto Luciano Gonzalez Torres moves to modify this court's September 29, 2017 Order Granting Motion for Preliminary Injunction ("Order"). Plaintiff seeks to enjoin the expiration of the immigration and employment status he obtained pursuant to the Deferred Action for Childhood Arrivals ("DACA") program. Defendants U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement, and U.S. Customs and Border Protection oppose the motion. Having carefully considered the matter presented, the court record, the arguments of counsel and, for the reasons set forth below, the court denies the motion to modify the Order without prejudice.

## BACKGROUND

The court incorporates its Order as if fully set forth herein. In granting the motion for preliminary injunction, the court enjoined the termination of Plaintiff's DACA status and employment authorization, required Defendants to comply with the DACA SOP, and ordered Defendants to accept Plaintiff's DACA renewal application.

Defendants represent that they have complied with the Order. Defendants reinstated Plaintiff's DACA status and employment authorization, accepted his DACA renewal request, and, on November 13, 2017, issued Plaintiff a Notice of Intent to Terminate ("NOIT"). Plaintiff's response to the NOIT is due on or before December 16, 2017. Moreover, Defendants represents that "USCIS anticipates completing the adjudication of its intended termination of Plaintiff's reinstated DACA" before expiration of Plaintiff's DACA status on December 22, 2017.

## THE MOTION

The court possesses broad authority to modify preliminary injunctions "as required by the circumstances of a given case." United States v. Washington, 852 F.3d 946, 979 (9th Cir. 2007) (a court "should not hesitate to modify its injunction" as required by the circumstances of the case).

Plaintiff seeks to modify the Order to include a provision that would "enjoin the expiration of Mr. Gonzalez's DACA status and employment authorization pending final resolution of his renewal application," including the time spent pursuing administrative and legal remedies. (Motion at p.1:11-15). Plaintiff represents that he timely filed a DACA renewal application on October 4, 2017, the processing of the renewal application by USCIS is anticipated to take between 120-150 days (between February and March 2018), and his current DACA status expires on December 22, 2017. Should the renewal application not be adjudicated prior to December 22, 2017, Plaintiff fears the loss of his DACA status and employment authorization at that time.

Defendants represent that there is no need to modify the Order because Plaintiff has been provided with a NOIT and the opportunity to respond to the NOIT by

December 16, 2017. Presumably, the Government anticipates the termination of Plaintiff's DACA status at that time. Defendants anticipate resolving the NOIT and terminating Plaintiff's DACA status prior to December 22, 2017, thus mooting Plaintiff's request to extend Plaintiff's DACA status beyond that date.[1] They do not indicate whether Plaintiff's DACA renewal application will be processed by December 22, 2017.[2]

At the outset, the court notes that the Order required Defendants to comply with the DACA SOP in seeking to terminate an individual's DACA status. To remedy the deficiencies identified by Plaintiff in his complaint, the court required Defendants to reinstate Plaintiff's DACA status and employment authorization and to accept his DACA renewal application. Plaintiff does not dispute that Defendants have complied with the Order.

While Plaintiff validly expresses insecurity with the pace of Defendants' reported processing of DACA renewal applications, Defendants largely respond that, pursuant to the DACA SOP, Plaintiff's DACA status will be lawfully resolved prior to December 22, 2017, by properly using the procedural safeguards of the Administrative Procedures Act and the DACA SOP. In light of Defendants' representations, the court concludes that there is no reasonable or likely prospect that Defendants will improperly detain or remove Plaintiff or otherwise improperly terminate Plaintiff's DACA status. At this point in time, Plaintiff fails to meet his burden to show that modification of the Order is appropriate under the current circumstances of the case.

---

[1] The court rejects Defendants' argument that the modification of the Order sought by Plaintiff deals with a new claim falling outside the scope of the present complaint. The court construes Plaintiff's complaint broadly, as this court is required to do. See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996) (courts must construe the complaint in the light most favorable to the plaintiff).

[2] In their December 8, 2017 sur-reply, Defendants represent that ICE issued Defendant a new NTA (this NTA relates to the removal proceedings commenced against Plaintiff in May 2016), clarifying DHS's continuing interest in pursuing Plaintiff's removal in support of the NOIT process.

In sum, the court denies the motion to modify the Order, without prejudice.[3]

**IT IS SO ORDERED.**

DATED: December 15, 2017

**JEFFREY T. MILLER**
United States District Judge

cc: All parties

---

[3] On December 14, 2017, Plaintiff, by means of an ex parte application, submitted to the court a news article concerning the detention of a DACA recipient. (ECF No. 26). This article does not alter the present order.