# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ALBERTO LUCIANO GONZALEZ TORRES, | CASE NO. 17cv1840 JM(NLS) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CUSTOMS AND BORDER PROTECTION, | |
| Defendants. | |

Plaintiff Alberto Luciano Gonzalez Torres moves for reconsideration of this court's April 12, 2018 order denying Plaintiff's motion for preliminary injunction, granting Defendants' motion to dissolve the original preliminary injunction, and granting Defendants' motion to dismiss the First Amended Complaint without leave to amend (the "Order").[1] Defendants U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the

---

[1] The court incorporates the Order herein.

court denies the motion for reconsideration.

**DISCUSSION**

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); Fed.R.Civ.P. 60(b).

Plaintiff raises several arguments previously addressed in the Order, and only briefly discussed herein. In the main, Plaintiff contends that the court committed clear error by concluding, under APA review, that Defendants' challenged conduct was neither arbitrary, capricious nor contrary to law. Defendants complied with DACA in revoking Plaintiff's DACA status by concluding, in their discretion, that he constituted an enforcement priority based upon his involvement in alien smuggling (i.e. conduct that violated 8 U.S.C. §1324(a)(1)(A)(iii) and §1182(a)(6)(E)(i)).[2] Plaintiff seeks to limit Defendants' ability to exercise their discretion in determining DHS's enforcement priority to only those situations where the DACA recipient possesses a disqualifying criminal conviction, a public safety concern finding, a national security concern finding or an EPS (Egregious Public Safety) finding. For the reasons set forth in the Order, the court rejects this argument.[3]

---

[2] The court again highlights that the veracity or falsity of Plaintiff's involvement in human trafficking is not an issue before the court. Defendants' proffer of proof supports their conclusion that Plaintiff engaged in conduct that violated 8 U.S.C. §1324(a)(1)(A)(iii) and §1182(a)(6)(E)(i).

[3] The court further notes that Congress authorizes the Attorney General to exercise broad discretion in the immigration context, see I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999), including the determination of deportability based upon circumstances not involving a criminal conviction, an EPS finding, a public safety threat determination, or a national security threat determination. For example, those circumstances may include the change in immigration status, involvement in alien smuggling, marriage fraud, drug abuse, etc. See 8 U.S.C. §1227. Contrary to Plaintiff's arguments, the so-called Kelly Memo neither expands nor limits DHS's authority to exercise its discretion in determining enforcement priorities under the INA

Plaintiff also argues that the November 17, 2017 NOIT, (ECF 39-6 at 9-10), violated his due process rights by failing to provide him with adequate notice of the "events or facts [DHS] w[as] relying on" in revoking his DACA status. Plaintiff correctly asserts that the NOIT does not directly inform him of the basis and circumstances for revocation of his DACA status. However, the NOIT made express reference to this action and the first revocation of his DACA status. In any event, by means of the on-going administrative proceedings and this action, Plaintiff does not dispute that he had actual notice of the underlying basis and circumstances for terminating his DACA status. Similarly, there is no showing that he suffered any prejudice by such omission.

Finally, Plaintiff contends that his substantive due process rights were violated because of the "determination of criminality made by a non-neutral arbiter." (Motion at p.25:6-7). Notably, Plaintiff cites scant authority to support this conclusion.

> In every case in which a plaintiff challenges the actions of an executive official under the substantive component of the Due Process Clause, he must demonstrate both that the official's conduct was conscience-shocking, [], and that the official violated one or more fundamental rights that are "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."

Moran v. Clarke, 296 F.3d 638, 651 (8th Cir. 2002) (quoting Washington v. Glucksberg, 521 U.S. 702, 720–21 (1997)). Here, there is no indication that Defendants engaged in any conscience-shocking or clearly arbitrary and unreasonable conduct, or that factual determinations by duly constituted administrative bodies made in the ordinary and normal course of an administrative proceeding violate the concept of "ordered liberty." Accordingly, Plaintiff cannot prevail on his substantive due process claim.

/ / /

/ / /

/ / /

---

and DACA.

In sum, the motion for reconsideration is denied.

**IT IS SO ORDERED.**

DATED: July 20, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties